GEORGE A. BOYE v. CITY OF ALBERT LEA.

November 14, 1898.

Nos. 11,404—(87).

**Municipal Corporation—Tort of Officers—Ultra Vires.**

A municipal corporation is not liable for the tortious act of its officers or agents, when the act is wholly ultra vires in the sense that it is not within the power or authority of the corporation to act in reference to the matter under any circumstances.

**Same—When "Respondeat Superior" Applies.**

But if the act is within the general scope of the powers of the corporation, and was done in the execution of its corporate powers, but in such a negligent or unlawful manner as to injure others the doctrine of respondeat superior applies, and the act may be the foundation of an action in tort against the corporation.

**City of Albert Lea—Dam Across Shell Rock River.**

The act of damming the waters of Shell Rock river, of which Fountain lake is a part, is within the corporate powers of the city of Albert Lea.

Action in the district court for Freeborn county to abate a dam and to recover damages for overflowing plaintiff's land. A demurrer to the complaint having been sustained by Buckham, J., judgment was entered in favor of defendant, and plaintiff appealed therefrom. Reversed.

The action was one of six, in which the complaints were the same, save as to the names of plaintiffs, the description of the lands and the amount of damages, and in which identical demurrers were sustained. Separate appeals were taken by the respective plaintiffs, but it was stipulated that only the above entitled cause should be certified to the supreme court, and that all the causes should be heard as one.

*J. A. Sawyer* and *John Anderson*, for appellants.

If the charter grant of power to control and regulate the flowage of the lake is valid, it appears on the face of the complaint that the act was within the express powers of the city, and the allegation that it was "without right so to do" refers only to the manner of exercise. But if the grant is invalid, it was an apparent power and within the general scope of the fundamental powers of the city. There is nothing to show that the acts were done in faith of the power. It is good pleading to allege the ultimate fact of the doing of the acts. Lee v. Minneapolis & St. L. Ry. Co., 34 Minn. 225, 227; Todd v. Minneapolis & St. L. Ry. Co., 37 Minn. 358. An allegation that defendant "did" an act implies an averment that it was done in such manner as to be valid. Randall v. Constans, 33 Minn. 329; Alt v. Banholzer, 39 Minn. 511; Werth v. City, 78 Mo. 107; Stephens v. City, 11 Wash. 41; Norton v. City, 10 Wash. 44; North Platte v. City, 50 Neb. 853; Redford v. Coggeshall, 19 R. I. 313; Barrows v. City, 150 Ill. 588; City v. Crawford, 74 Tex. 404; City v. Harris, 101 Ala. 564; City v. Meyers, 2 Ind. App. 532; Mayor v. Ewing, 116 Ala. 576; Dooley v. City, 82 Mo. 444; Allison v. City, 51 Mo. App. 133; Clayton v. City (Ky.) 44 S. W. 667; Kane v. City of Indianapolis, 82 Fed. 770. The rule appears to be the same in actions on contracts. Hubbard v. Town, 61 Wis. 397; 4 Am. & Eng. Enc. Pl. & Pr. 743; Call v. Hamilton, 62 Iowa, 448; Bank v. City, 16 Wash. 450; Burnham v. City, 69 Wis. 379. The

words "without authority so to do" do not take away the sufficiency of the complaint. Defendant is liable for the acts which it has done while acting within its charter powers. Brink v. Borough, 174 Pa. St. 395; 2 Dillon, Mun. Corp. (4th Ed.) §§ 971-2; Schussler v. Board, 67 Minn. 412; Thayer v. Boston, 19 Pick. 511; 4 Am. & Eng. Enc. Pl. & Pr. 743; Cohen v. Mayor, 113 N. Y. 532; Speir v. City, 139 N. Y. 6; Barrows v. City, 150 Ill. 588; City v. Crawford, supra; City v. Langham (Tex.) 13 S. W. 1042; City v. Ivey, 1 Tex. Civ. App. 653; City v. Pragg, 31 Fla. 111.

*John A. Lovely, W. E. Todd* and *R. S. Farnsworth,* for respondent. The tort alleged is not such a wrongful act as a municipal corporation can commit. It does not appear that any municipal function was being performed. The acts must be deemed to have been those of private persons. Hill v. City, 122 Mass. 344. The work described is outside of municipal functions. 1 Dillon, Mun. Corp. § 97; Anthony v. Inhabitants, 1 Metc. (Mass.) 284. Power to regulate and control the flowage does not authorize the construction and maintenance of a dam. The corporation takes nothing by implication. Leavenworth v. Norton, 1 Kan. 432; Webster v. Town, 32 Conn. 131; Alley v. Inhabitants, 53 Me. 446; Hooper v. Emery, 14 Me. 375; Kyle v. Malin, 8 Ind. 34. The effect of the act, if it grants the power claimed, would be to authorize a nuisance, and such a nuisance as to constitute the taking of private property without compensation. Such statutes are held void, and there can be no corporate liability when the act complained of is not authorized by charter. Mayor v. Cunliff, 2 Comst. 165. The fact that public good or welfare of the corporation requires an act does not warrant it unless it comes within the scope of the powers delegated. Gale v. Inhabitants, 51 Me. 174; Booth v. Town, 32 Conn. 118; Barton v. City, 16 La. An. 317; Hasbrouck v. City, 13 Wis. 42; Chicago v. City, 79 Ill. 25. Defendant did not have exclusive care, supervision and control of the waters when the act was done. This was necessary to hold it liable. Kobs v. City of Minneapolis, 22 Minn. 159. The complaint does not show that the dam was built to regulate the flowage; or that any duty to build it was imposed; or that the act was negligently done or was a negli-

gent act. When a city is doing an act for the benefit of the public, it is liable only for negligent execution of its duty. Bailey v. Mayor, 3 Hill, 531.

MITCHELL, J.

The allegations of the complaint are that the defendant city, without right to do so, has caused to be constructed and maintained within its corporate limits a dam across the waters of Shell Rock river, a natural and unnavigable stream, by means of which the waters of the river were so stopped and set back as to overflow plaintiff's land, to his damage. By its charter the defendant is granted power "to regulate and control the flowage of the waters of Fountain Lake in said city." Sp. Laws 1889, c. 10, subc. 4, § 5, subd. 50 (p. 314). This is a public act, which need not be pleaded. Fountain Lake is a part of Shell Rock river, being formed by damming the stream.

The defendant demurred to the complaint on the ground that it did not state a cause of action. The contention of its counsel is that the tort alleged is not one which the city as a municipality could commit under any circumstances; in other words, that it was wholly ultra vires, and hence that the city was not liable.

Municipal corporations, in the execution of their corporate powers, fall within the rule of respondeat superior when the requisite elements of liability co-exist. To create such liability it is fundamentally necessary that the act done which is injurious to others must be within the scope of the corporate powers as prescribed by the charter; in other words, it must not be ultra vires in the sense that it is not within the power or authority of the corporation to act in reference to it under any circumstances. If the act complained of lies wholly outside of the general or special powers of the corporation as conferred by its charter, the corporation can, in no event, be liable for the acts of its officers, for a corporation cannot be impliedly liable to a greater extent than it could make itself liable by express corporate vote or action. But if the wrongful act be not, in this sense, ultra vires, but is within the general scope of the powers of the municipality, and was so done in the execution of corporate powers of a ministerial nature, but in an

improper and unlawful manner, as to injure others, it may be the foundation of an action in tort against the corporation. 2 Dillon, Mun. Corp. § 968.

In this case it not only does not appear that the act complained of was ultra vires, in the sense above stated, but, on the contrary, it affirmatively appears from the complaint, read in connection with the city charter, that the act was done by the city in the execution of its corporate powers, to wit, the regulation and control of the flowage of the waters of Fountain Lake, but in such a negligent or unlawful way as to injure the plaintiff by overflowing his land. We use the term "corporate powers" to distinguish them from those public services not peculiarly local or corporate imposed by statute on municipal officers, but in which the corporation, as such, has no interest except as a part of the general public. Our conclusion is that the complaint states a cause of action.

Judgment reversed.